### George Wagner v. The City of Rock Island.

1. DAMAGES—*On Dissolution of an Injunction.*—The statute does not allow any damages upon the dissolution of an injunction, except for the wrongful suing out of a temporary injunction, for which a bond is given.

2. SAME—*Interest on Delayed Payments.*—Where a bill is filed to enjoin the payment of water rates, on the ground that the ordinance fixing such rates was void, and litigated in good faith, interest on such rates for the time their payment is delayed by reason of the litigation can not be recovered as damages on the dissolution of the injunction.

Assessment of Damages, on dissolution of an injunction. Appeal from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded with directions. Opinion filed December 10, 1895.

ADAIR PLEASANTS, attorney for appellant.

JOSEPH L. HAAS, attorney for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.
This was an appeal by appellant from a decree of the Circuit Court allowing on suggestion of damages filed, on dissolution of injunction and dismissal of bill, interest of $536.46, on certain water rents due from the appellant to the appellee from August 1, 1889, to January 1, 1893. It is insisted that said interest should be allowed under the statute on the ground of unreasonable and vexatious delay of payment.

We do not think it could be recovered on such ground; the appellant was diligently resisting payment of the water

rates on the ground that the ordinance of the city under which it was agreed to be paid, was void. The suit was prosecuted with reasonable diligence, and we have no doubt, from the vigorous manner in which the question was litigated by appellant, that it was in good faith on his part.

There was no preliminary injunction against the collection of the water rates; only injunction awarded by the final decree of the Circuit Court against their payment, which was reversed by this court.

The statute does not allow damages against a plaintiff prosecuting his bill for any, except the wrongful suing out of a temporary injunction, which a bond is given to cover. And there was no prayer in the bill for any writ of injunction to prohibit the collection of the water rates. Cox v. Gross, 53 App. C. R. 486. See this case, 45 App. C. R. 444, also the same case in the Supreme Court, 146 Ill. 139.

The decree is therefore reversed and the cause remanded, with directions to the Circuit Court to dismiss appellee's suggestion of damages on loss of interest on water rates. ·